UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Muhammad Abdul-Ahad, Jamaal Ike and Ishamel Lamin, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Associated Courier Inc. (d/b/a Street Fleet),<br><br>    Defendant. | Case No. 20-cv-0607 (HB) |

---

### ORDER ON PLAINTIFFS' UNOPPOSED MOTION FOR CLASS AND CONDITIONAL CERTIFICATION AND FOR PRELIMINARY APPROVAL OF SETTLEMENT

---

This matter is before the Court on Plaintiffs' Unopposed Motion for Class and Conditional Certification and for Preliminary Approval of Settlement [ECF No. 84]. Having reviewed the motion and related filings, the Settlement Agreement and exhibits, and the filings, records, and pleadings in this matter, pursuant to Federal Rule of Civil Procedure 23(e), **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Unopposed Motion for Conditional and Class Certification and for Preliminary Approval of Settlement [ECF No. 84] is **GRANTED**.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of settlement only, the Court hereby certifies this lawsuit as a class action on behalf of the following settlement group:

Drivers who performed deliveries for Defendant's auto parts customers and for whom Defendant's data and Plaintiffs' calculations reflect overtime services performed (hours over 40 or 48 in a workweek) for those customers at any time within three years prior to the filing of the Complaint through present, and Named Plaintiff Lamin.

3. In support of certification of this settlement class, for purposes of settlement only, the Court finds as follows:

   a. The parties do not dispute, and the Court concludes, that the 228 settlement class members satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

   b. There are several important questions of law common to all settlement class members.

   c. Plaintiff Muhammad Abdul-Ahad's and Plaintiff Jamaal Ike's overtime claims emanate from the same conduct of Defendant as those giving rise to the claims of the settlement class members. Their claims do not conflict with those of other settlement class members and rely upon the same legal theories.

   d. Plaintiffs Abdul-Ahad and Ike have been thoroughly involved in this matter and can fairly and adequately represent the interests of the settlement class members. Plaintiffs' counsel has extensive experience in wage and hour class and collective litigation and can fairly and adequately represent the interests of the settlement class members.

    e. Questions common to the class predominate over any individual claims and resolving the common questions through the settlement of a class action is preferable to doing so through individual litigation of 228 cases.

    f. Plaintiffs Abdul-Ahad and Ike are similarly situated to the members of the settlement class, their interests are typical of the rest of the settlement class, they can fairly and adequately represent the settlement class, and therefore the Court certifies Plaintiffs Abdul-Ahad and Ike as class representatives.

4. Pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), for purposes of settlement only, the Court hereby certifies this lawsuit as a collective action on behalf of the following settlement group:

> Drivers who performed deliveries for Defendant's auto parts customers and for whom Defendant's data and Plaintiffs' calculations reflect overtime services performed (hours over 40 or 48 in a workweek) for those customers at any time within three years prior to the filing of the Complaint through present, and Named Plaintiff Lamin.

5. Both the proposed settlement class and collective action group consist of the same 228 individuals ("Eligible Settlement Class Members").[1]

6. In support of certification of the FLSA settlement group, for purposes of settlement only, the Court finds as follows:

---

[1] A total of 234 individuals was included in the Eligible Settlement Class, but the parties agreed to remove six individuals because, after Defendant's setoff, they are not receiving any additional allocation. The definition of the Eligible Settlement Class Members does not include those six individuals who would otherwise fit within the class definition.

    a. Plaintiffs Abdul-Ahad and Ike have shown a colorable basis for the claim that the putative collective members were victims of a single policy or plan.

    b. The factual and workplace settings of individual putative collective members do not detract from the commonalities of their claims.

    c. The various defenses available to Defendant do not appear to be individual to each of the putative collective members.

    d. It is most efficient, effective, and fair to grant relief through the mechanism of a collective action for settlement purposes.

7. Because the class and collective actions are certified for the purposes of settlement only, should the settlement not become effective, this Order certifying the class and collective actions shall be vacated and the parties shall return to the positions they held prior to the entry of this Order. Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against Defendant or the Eligible Settlement Class Members.

8. The Court has conducted a preliminary review of the details of the proposed settlement, including information regarding distribution of the settlement and value, the mechanisms for notifying and paying settlement class and collective members, the percentage of anticipated recovery, attorney's fees and costs, and class representative service awards. The Court preliminarily finds that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see*

*also Netzel v. West Shore Grp., Inc.*, 16-cv-2552 (RHK/LIB), 2010 WL 1906955, at *2 (D. Minn. May 5, 2017) (considering an FLSA settlement).[2]

9. The Court finds that the distribution of the Class Notice in the manner set forth in the Settlement Agreement meets the requirements of due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to receive notice.

10. The Court hereby approves distribution of the Class Notice via mail, email, and text, in the form provided at Exhibits 3, 4, 5, and 6 attached to Exhibit A.

11. Within five business days of this Order, Defendant will provide the Claims Administrator with a data file for each Eligible Settlement Class Member that identifies his or her name, last-known home address, last-known company address (if applicable), last-known cell-phone number and last-known email address (the "Class List").

12. Within 30 days of this Order, the Claims Administrator shall issue the Class Notice to Eligible Settlement Class Members by U.S. First Class Mail. At the same time, the Claims Administrator shall send a text and email to Eligible

---

[2] The Settlement Agreement also resolves individual retaliation and reprisal claims of Plaintiffs Abdul-Ahad and Ike. The parties are not seeking court-approval of those individual settlements. Because the Court preliminary finds that the settlement of the wage and hour overtime claims for the class and collective is fair, the parties are permitted to disburse payment for Plaintiffs Abdul-Ahad and Ike's individual retaliation/reprisal claims.

Settlement Class Members providing access to an electronic copy of the Class Notice.

13. Within 30 days of the issuance of Class Notice, the Claims Administrator will mail a Reminder Postcard with a Release of Claims, as provided in Exhibit 6 attached to Exhibit A.

14. Eligible Settlement Class Members shall have 60 calendar days from the mailing of the Class Notice (the "Notice Period") within which to:

   a. *Join the settlement.* Eligible Settlement Class Members wishing to claim all shares allocated to them in the settlement must opt-in by timely returning to the Claims Administrator a Release of Claims Form ("Executed Release") within 60 days from the date of mailing the Notice. Those who timely return an Executed Release will be referred to as "Participating Plaintiffs." Settlement payments to Participating Plaintiffs will include a share of the FLSA Allocation and a share of the Rule 23 Allocation. The Executed Release must be signed either in hard copy (originals not required) or using docusign or comparable software, and must be postmarked or electronically received by the Claims Administrator on or before 60 calendar days from the date of mailing the Class Notice.

   b. *Request exclusion from the settlement.* Eligible Settlement Class Members who wish to request exclusion from the settlement must timely submit a request for exclusion in writing to the Claims Administrator as detailed in the Class Notice. The request for exclusion must be postmarked or

electronically received by the Claims Administrator on or before 60 calendar days from the date of mailing the Class Notice. Eligible Settlement Class Members who timely request exclusion (and do not return an Executed Release) shall be referred to as "Non-Participating Eligible Class Members." Non-Participating Eligible Settlement Class Members shall have no further role in this Lawsuit and shall not be entitled to receive any payment as a result of the settlement and shall not be entitled or permitted to assert an objection to this settlement. If an Eligible Settlement Class Member submits both a request for exclusion and an Executed Release, the Claims Administrator will attempt to contact such individual(s) to determine his or her intent. If the Claims Administrator is unable to obtain further clarification, it will be presumed that the individual intended to be included in the settlement and intended to submit (and did submit) a valid Executed Release.

c. *Do nothing*. Eligible Settlement Class Members who do not timely return an Executed Release and do not timely request exclusion in writing, shall be referred to as "Included MN Rule 23 Class Members." Settlement payments to Included MN Rule 23 Members shall include a share of the Rule 23 Allocation only and no FLSA Allocation.

d. *Object to the settlement*. Only Eligible Settlement Class Members who have not requested exclusion may object to the settlement. To object, an Eligible Settlement Class Member must submit a written objection to the

7

      Claims Administrator as set forth in the Class Notice on or before 60 calendar days from the date of mailing the Class Notice.  If an Eligible Settlement Class Member does not properly submit an objection to the settlement within this 60-day deadline, he or she will waive any right to object to the settlement.

    e. If an Eligible Settlement Class Member submits both an objection and a request for exclusion, the Claims Administrator will attempt to contact such individual to determine his or her intent and to obtain an Executed Release if the person intended to participate in the settlement and did not submit one.  If the Claims Administrator is unable to obtain further clarification, it will be presumed that the individual wanted to be excluded from this settlement and the individual will be treated as a Non-Participating Eligible Settlement Class Member.

15. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having found Michele R. Fisher, Kayla M. Kienzle, and the law firm of Nichols Kaster, PLLP and Joshua A. Newville of Madia Law, LLC to be adequate, the Court appoints Michele R. Fisher and Kayla M. Kienzle of Nichols Kaster, PLLP and Joshua A. Newville of Madia Law, LLC class counsel to represent Eligible Settlement Class Members.

16. The Honorable Hildy Bowbeer will hold a final approval hearing in Courtroom 6B of the U.S. Courthouse, 316 N. Robert Street, St. Paul, Minnesota, or alternatively, by video conference on **August 2, 2021, at 9:30 a.m. Central**

**time.** This hearing will address whether the proposed settlement should be given final approval as fair, reasonable, adequate, and in the best interest of the Eligible Settlement Class Members and whether the requested attorneys' fees and costs of class counsel should be awarded. This hearing is subject to adjournment or continuance by the Court.

17. The deadline for the parties to file the Joint Motion for Final Settlement Approval and Dismissal is **July 19, 2021**. The proposed Final Approval Order and associated proposed Judgment for Dismissal will be submitted to the Court simultaneously with the Motion for Final Settlement Approval and Dismissal.

18. The parties shall take all reasonable steps to comply with the deadlines set forth in the Settlement Agreement and this Order.

**IT IS SO ORDERED**.

Date: March 26, 2021  *s/ Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge