UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Muhammad Abdul-Ahad, Jamaal Ike and Ishamel Lamin, individually and on behalf of all others similarly situated, | Case No. 0:20-cv-00607 (HB) |
| Plaintiffs, | |
| v. | |
| Associated Courier Inc. (d/b/a Street Fleet), | |
| Defendant. | |

---

ORDER ON JOINT MOTION FOR
FINAL APPROVAL OF SETTLEMENT
_____

This matter is before the Court on the Parties' Joint Motion for Final Approval of Settlement (ECF No. 97.) The parties entered into a Settlement Agreement on or about February 18, 2021 (Settlement Agreement [ECF No. 94-1].) On March 26, 2021, the Court entered an order granting Plaintiffs' Unopposed Motion for Class and Conditional Certification and For Preliminary Approval of Settlement. (Preliminary Approval Order [ECF No. 96].) The Preliminary Approval Order, *inter alia,* preliminarily approved the Settlement Agreement; certified Plaintiffs' class and collective for purposes of the settlement; appointed Class Counsel; approved the form and method of notice and set deadlines for providing notice and filing objections and requests for exclusion; and set a hearing date for final settlement approval. (*Id.*)

On August 2, 2021, the Court conducted a final approval hearing by ZoomGov.

Having reviewed the filings and the arguments at the preliminary and final approval hearings; the Settlement Agreement and exhibits; and based on all other records, and pleadings in this matter, the Court hereby **FINDS, CONCLUDES and ORDERS as follows**:

1. For the reasons stated in the Preliminary Approval Order, the Court makes final for the purposes of settlement the certification of the Minnesota Fair Labor Standards Act ("MFLSA") Class and the Fair Labor Standards Act ("FLSA") Collective consisting of the following:

> Drivers who performed deliveries for Defendant's auto parts customers and for whom Defendant's data and Plaintiffs' calculations reflect overtime services performed (hours over 40 or 48 in a workweek) for those customers at any time within three years prior to the filing of the Complaint through present, and Named Plaintiff Lamin.

2. The Court recognizes there are 224 Eligible Settlement Class Members.[1]

3. When the Court preliminarily approved the settlement, it approved the form and manner of sending the settlement notices to Eligible Settlement Class Members. The Court finds that the Claims Administrator, Atticus Administration, LLC, ("Administrator" or "Atticus") distributed the settlement notice in the form and manner approved by the Court, and that the notice provided constitutes due and sufficient notice to all persons entitled to receive it.

---

[1] A total of 234 individuals were included in the list of the Eligible Settlement Class, but the parties agreed to remove six individuals because after Defendant's setoff, they are not receiving any additional allocation. The Eligible Settlement Class Members do not include those six individuals who would otherwise fit within the class definition. Four of the remaining Eligible Settlement Class Members on the list were duplicates, leaving 224 Eligible Settlement Class Members.

4. The Court finds that a full and fair opportunity has been afforded to Eligible Settlement Class Members to participate in the proceedings convened to determine whether the settlement should be given final approval. None of the 224 Eligible Settlement Class Members objected to the settlement.

5. One Eligible Settlement Class Member, Opt-in Plaintiff Mohamed Ali (ECF No. 007–01), informed Plaintiffs' Counsel that he timely submitted an exclusion request that the Administrator did not receive, and Defendant agreed to accept his exclusion request as timely. Mr. Ali is excluded from this case and his claims shall be dismissed without prejudice.

6. One Eligible Settlement Class Member, Opt-in Plaintiff Bashir Mohamud (ECF No. 15–1), informed Plaintiffs' Counsel that he had made attempts to submit a Release but was unable to do so due to technical difficulties. Defendant agreed to accept his Release and allow him to submit a valid claim. Mr. Mohamud must submit his Release within 14 days from the date of this Order for it to be deemed valid. Upon the Administrator's receipt of Mr. Mohamud's signed Release, he will be deemed a "Participating Plaintiff."

7. The Court reaffirms its findings from the Preliminary Approval Order that the settlement reached is fair, reasonable, and adequate, and in the best interests of the settlement class and collective. As a result of the $350,000 overtime settlement reached here, Eligible Settlement Class Members (after the deduction of attorneys' fees and costs, the Named Plaintiff service awards, and the $100.00 floor on the minimum allocation per person) will recover 70% of their alleged unliquidated overtime damages for a two-year

statute of limitations period. To the extent that anyone previously signed a settlement agreement with Defendant for their unpaid overtime, that amount was deducted from the allocation and will be retained by Defendant.

8. Plaintiffs and Class Counsel have fairly and adequately represented the members of the settlement class and collective in connection with the Settlement.

9. Eligible Settlement Class Members who timely returned an executed Release ("Participating Plaintiffs") will receive a settlement check for both their FLSA and MN Rule 23 MFLSA share of the Settlement Allocation. Eligible Settlement Class Members who did not timely return an executed Release and did not timely request exclusion in writing ("Included MN Rule 23 Class Members") will receive a settlement check for their share of the Rule 23 Allocation only and no FLSA Allocation.

10. Class Counsel is entitled to an award of costs and reasonable attorneys' fees. Class Counsel seeks an attorneys' fee award of $83,333.33 and Defendant does not oppose this request. Despite the lack of opposition, the Court has considered the request through the lens of the percentage-of-recovery and lodestar approaches. *See Netzel v. W. Shore Grp., Inc.*, 2017 WL 1906955, at *8 (D. Minn. May 7, 2017). The award amounts to 23.8% of the total settlement amount and follows efficient effort on the part of Class Counsel to achieve a fair and adequate recovery for Eligible Settlement Class Members. Class Counsel took a risk in litigating a case that might not result in their compensation and helped secure payment for individuals who may not have found representation to pursue their claims. The Court therefore approves the requested award of attorneys' fees, finding it to be fair and reasonable in light of the results obtained for the Eligible Settlement Class

4

Members by Class Counsel from the law firms of Nichols Kaster, PLLP and Madia Law, LLC. Class Counsel's experience in litigating wage and hour class and collective actions, and informed opinions of the fairness of the settlement provide further weight in support of approval.

11. The Court approves Class Counsel's request for reimbursement for litigation costs in the amount of $8,175.47 as reasonable.

12. The Court approves the requested class representative service awards of $2,000 each ($6,000 total) for Named Plaintiffs Muhammed Abdul-Ahad, Jamaal Ike, and Ishmael Lamin as fair and reasonable for their effort and assistance with this case.

13. The notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711, *et seq.*, has not yet been sent. Within three days of the date of this Order, Defendant will send CAFA notice to the appropriate authorities and will file a notice on CM/ECF certifying that the CAFA notice was sent in compliance with this Order. Within five days of the expiration of the 90-day CAFA notice period, or sooner if the appropriate authorities have responded, the parties will file a motion seeking (1) an order permitting the Administrator to distribute settlement checks and (2) an order dismissing the case as set forth in Paragraphs 15, 16, and 17 below.

14. Consistent with the Settlement Agreement, the Court approves the following timeline for final resolution of this matter:

> (a) Within 14 days from the Court's Order authorizing the distribution of settlement checks and dismissing the case, the Claims Administrator shall send the settlement checks issued to Participating Plaintiffs and Included

5

        MN Rule 23 Class Members.[2] The payment for Class Counsel shall also be sent within 14 days from the date of the Order authorizing the distribution of settlement checks and dismissing the case.

   (b) All settlement checks shall remain valid for 90 days after the date the check is first issued. The Claims Administrator shall honor any reissuance requests from Participating Plaintiffs and Included MN Rule 23 Class Members provided: (1) the request is made or the check is returned as undeliverable within the 90-day check cashing period; and (2) the Claims Administrator is able to void and does void the initial check if the check was not returned as deliverable.

   (c) Any checks issued that are not cashed or deposited within the 90-day check-cashing period shall become void unless they are reissued, in which case they will be void unless cashed or deposited within 90 days of reissuance.

15.    All claims asserted in this action by and on behalf of Participating Plaintiffs will be dismissed with prejudice consistent with the Release provided in the Settlement Agreement.

---

[2] The Claims Administrator shall send the settlement checks to Participating Plaintiffs, Included MN Rule 23 Class Members, and Class Counsel within seven days of the "Effective Date" of the parties' settlement, which means the date on which the judgment becomes a Final Judgment. Consistent with the parties' Agreement, a "Final Judgment" means the date seven days after the Court enters final approval of the Agreement if no objections have been filed.

16. The Minnesota state law claims asserted by and on behalf of Included MN Rule 23 Class Members (and those of Participating Plaintiffs who do not timely cash or deposit their settlement checks) will be dismissed with prejudice consistent with the Release provided in the Settlement Agreement.

17. Non-Participating Eligible Settlement Class Members (those who timely requested exclusion and did not return an executed Release) shall not release any claims and their claims will be dismissed without prejudice. This includes Opt-in Plaintiff Mohamed Ali who requested exclusion (*see* Paragraph 5 above). The parties also seek an order dismissing Opt-in Plaintiff Yonrico Calloway without prejudice. (Consent Form, ECF No. 16–1.) Calloway joined the case by filing a consent form to opt-in but the parties have reported he was non-responsive about continuing his claim in arbitration. Thus, pursuant to the Settlement Agreement, he is not included as an Eligible Settlement Class Member and his claims shall be dismissed without prejudice (Settlement Agreement at 2, fn. 1).

18. Defendant shall retain all funds allocated to the FLSA Allocation for Included MN Rule 23 Class Members.

19. Defendant shall retain all funds allocated to the FLSA Allocation and Rule 23 Allocation for Non-Participating Eligible Class Members.

20. Defendant shall retain all funds allocated to the FLSA Allocation resulting from any check issued to a Participating Plaintiff that is not cashed or deposited within the 90-day check cashing period. In such event, the Participating Plaintiff would only release

their Minnesota state law wage and hour claims, but not their FLSA claims, consistent with the Release provided in the Settlement Agreement.

21. Within 60 days after the expiration of the 90-day check-cashing period, any funds remaining for the Rule 23 portion of the Settlement Allocation from checks not cashed by any Participating Plaintiff or Included MN Rule 23 Class Member shall be paid by the Claims Administrator to Mid-Minnesota Legal Aid. In such event, the Participating Plaintiff and Included MN Rule 23 Class Members would only release their Minnesota state law wage and hour claims, but not their FLSA claims, consistent with the Release provided in the Settlement Agreement.

22. Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against the released parties, Plaintiffs, or the class and collective members.

23. Without affecting the finality of this Order or any subsequent dismissals or the judgment to be entered pursuant to those dismissals, the Court shall retain continuing jurisdiction over this matter for purposes of resolving any disputes that may arise under this Order and/or the Settlement Agreement.

In view of the foregoing, IT IS HEREBY FURTHER ORDERED that

1. The claims of Opt-In Plaintiff Mohamed Ali are DISMISSED WITHOUT PREJUDICE and without costs to any party; and
2. The claims of Opt-In Plaintiff Yonrico Calloway are DISMISSED WITHOUT PREJUDICE and without costs to any party.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  August 4, 2021         s/*Hildy Bowbeer*
                              HILDY BOWBEER
                              United States Magistrate Judge