# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| Muhammad Abdul-Ahad, Jamaal Ike, Ishmael Lamin,<br><br>Plaintiffs,<br><br>v.<br><br>Associated Courier, Inc.,<br><br>Defendant. | **JUDGMENT IN A CIVIL CASE**<br><br><br>Case Number: 20-cv-607 HB |

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. On August 4, 2021, the Court granted the parties' Joint Motion for Final Approval of the Settlement (ECF No. 97) and instructed Defendant to send the notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711, et seq. (ECF No. 108).

2. On August 5, 2021, Defendant sent the notice required by CAFA. (ECF No. 110.) On November 3, 2021, the 90-day CAFA notice period expired. Defendant did not receive any objections or other responses from the authorities to the CAFA notice.

3. Accordingly, the Court authorizes the Claims Administrator to distribute the Settlement Checks according to the timeline for final resolution in paragraph 14 of the Court's Final Approval Order (ECF No. 108) as follows:

    a. Within 14 days from this Order authorizing the distribution of settlement

        checks and dismissing the case, the Claims Administrator shall send the settlement checks issued to Participating Plaintiffs and Included MN Rule 23 Class Members. The payment for Class Counsel shall also be sent within 14 days from the date of the Order authorizing the distribution of settlement checks and dismissing the case.

    b.    All settlement checks shall remain valid for 90 days after the date the check is first issued. The Claims Administrator shall honor any reissuance requests from Participating Plaintiffs and Included MN Rule 23 Class Members provided: (1) the request is made or the check is returned as undeliverable within the 90-day check cashing period; and (2) the Claims Administrator is able to void and does void the initial check if the check was not returned as deliverable.

    c.    Any checks issued that are not cashed or deposited within the 90-day check-cashing period shall become void unless they are reissued, in which case they will be void unless cashed or deposited within 90 days of reissuance.

4.    Consistent with the Court's Final Approval Order (ECF No. 108) and the parties' Settlement Agreement (ECF No. 87–1), the case is dismissed as follows:

    a.    All claims asserted in this action by and on behalf of Participating Plaintiffs (defined as those who previously returned an Executed Release) who timely cash or deposit their settlement checks are dismissed with prejudice consistent with the Executed Release.

    b.    The Minnesota state law claims asserted by and on behalf of Included MN

        Rule 23 Class Members (defined as those who did not timely return an Executed Release and did not timely request exclusion in writing), and those of Participating Plaintiffs who do not timely cash or deposit their settlement checks, are dismissed with prejudice consistent with the Release provided in the Settlement Agreement.

c.    Non-Participating Eligible Settlement Class Members (those who timely requested exclusion and did not return an executed Release) shall not release any claims and their claims are dismissed without prejudice.

Date: 11/8/2021                                                                                 KATE M. FOGARTY, CLERK